UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VANETTA LASHAWN BUSCH,

        Plaintiff,

  v.

UNITED WAY OF RACINE COUNTY
and JESSICA SAFRANSKY,

        Defendants.

Case No. 23-cv-1741-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

      On December 29, 2023, the plaintiff—who is representing herself—filed a complaint alleging that the defendants discriminated against her and subjected her to a hostile workplace because of her disability, eventually causing her to resign. Dkt. No. 1. She also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must screen the complaint to determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The court concludes that the plaintiff is not able to prepay the filing fee, screens the complaint, dismisses defendant Jessica Safransky and allows the plaintiff to proceed on claims against United Way of Racine County.

1

I.  **Plaintiff's Ability to Pay the Filing Fee**

The plaintiff's request to proceed without prepaying the filing fee says that she is employed, married, that her spouse is also employed and that she does not have any dependents. Dkt. No. 2 at 1. Under "Income," the plaintiff wrote that she receives $5,000 per month in wages or salary, and that her employer is New Mexico State University. Id. at 2. Although she marked the "yes" box next to the question, "is your spouse employed?," id. at 1, the plaintiff did not list her spouse's monthly wages or salary, id. at 2. Under "Expenses," the plaintiff reports that she pays $1,795 in monthly rent, $568.66 in monthly car payments, $30 in monthly credit card payments and $2,134.40 a month for "groceries, clothing, medical costs, utilities, cell phone or internet bills, etc." Id. at 2. The plaintiff says that she pays $264 a month to "Nat'l Debt Relief"[1] and $100 a month to "Orkin Pest Control;" she calculates that she pays $4,891.66 in "total monthly expenses." Id. at 3. Under "Property," the plaintiff reports that she does not own her home, and that she has $5 in "cash or checking, savings, or other similar accounts." Id. Although the plaintiff says that she pays $568.66 in monthly car payments, she also says that she does not own a car. Id. at 2-3. Under "Other Circumstances – Describe any other financial circumstance(s) that you would like the Court to consider when reviewing this petition[,]" the plaintiff wrote:

> In 2020, I was discharged from Bankruptcy Chapter 7 case no. 19-31441. Although that should have provided me with an opportunity to start over, it was in the middle of the pandemic. Since May 2023,

---

[1] National Debt Relief is a debt relief and credit consolidation company. https://www.nationaldebtrelief.com/.

> my husband has not worked. He just started a job in December. His first check he made $400.00. Additionally, since we moved, my husband has experienced different medical conditions resulting in high medical bills, co-pays, and medicine. Currently, we are living pay check to paycheck.

Id. at 4.

The plaintiff reports that both she and her spouse are employed, and that she alone makes approximately $60,000 a year in salary. But she also reports that she and her husband are living paycheck to paycheck, that her husband's medical conditions result in high medical bills and that their monthly expenses roughly equal their monthly income. The court concludes that the plaintiff does not have the ability to pay the filing fee and will grant her motion to proceed without prepaying it.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit Court of Appeals has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] §1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

## II. Screening the Complaint

### A. Federal Screening Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

3

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B.  The Plaintiff's Allegations

The complaint names two defendants: an entity, United Way of Racine County, and an individual, Jessica Safransky,[2] whom the plaintiff alleges is United Way of Racine County's Chief Operating Officer. Dkt. No. 1 at 1. The plaintiff alleges that she resides in Las Cruces, New Mexico. Id. The body of her complaint alleges:

---

[2] The plaintiff spells the defendant's name "Safransky" in the caption of her complaint and when listing her as a defendant to the case. Dkt. No. 1 at 1. But throughout the body of the complaint, the plaintiff spells the defendant's name "Sanfransky." Id. at 2-3.

4

> On October 2, 2021, the plaintiff . . . while working at United Way Racine County as a Community Schools Director, verbally disclosed to her supervisor, the defendant, Jessica Sanfransky, United Way Racine County Chief Operating Officer, that she suffered a traumatic brain injury in 2012 resulting in a learning disability.
>
> Sanfransky issued the plaintiff a performance write up in October 25, 2021. In writing, [the plaintiff] reminded the defendant of her learning disability and a need to consult her coach with the performance issues. The [sic] Sanfransky failed to give [the plaintiff] time to receive accommodation services with vocation rehabilitation; Sanfransky created a hostile working environment by treating [the plaintiff] differently than other employees within the organization. Sanfransky created a psychologically unsafe environment for [the plaintiff] by applying pressure to perform tasks initially assigned to [the plaintiff's] direct reports, by issuing a 2nd performance write up November 11, 2021 that consisted of false accusations, performance issues without proper training, performance expectations not listed in the initial job description, and a threat of termination if the performance did not improve. During the last face to face meeting between Sanfransky and [the plaintiff], Sanfransky encouraged [the plaintiff] to resign. [The plaintiff] felt she did not have the emotional capacity to continue to deal with the unfair treatment working conditions, unfair treatment and lack of care toward her disability. As a result [the plaintiff] resigned on November 15, 2021.
>
> Racine County is a small city in Wisconsin and United Way of Racine County has the support of many agencies and organizations. After resigning, [the plaintiff] was unable to secure employment making similar salary within the city and state; thus [the plaintiff] had to relocate out of state. [The plaintiff] seeks payment for lost wages, relocation expenses, unpaid bills caused by the financial disruptions, and damages for her suffering due to discrimination against her disability.

Id. at 2-3.

The plaintiff marked the box reflecting that she is "suing for a violation of federal law under 28 U.S.C. §1331." Dkt. No. 1 at 4. Under "Relief Wanted," the plaintiff indicates that she seeks

> [a]ward money for missed wages November 16-30, December (month), and January 1-15; payment for moving abruptly forcing a broken lease for December and January; relocating and Travel

5

> Expenses moving from Wisconsin to Little Rock, AR including storage facilities, movers, background checks, and application fees; payment for energy program LIFT; and emotional stress. I would also like an apology letter for the mistreatment.

Id.

    C.    <u>Analysis</u>

While the plaintiff marked the box reflecting that she is suing for a violation of federal law under 28 U.S.C. §1331, the complaint does not cite any federal statutes or federal constitutional provisions. That said, the plaintiff appears to allege a claim of discrimination based on disability, and the Americans with Disabilities Act (ADA) prohibits employment discrimination on the basis of disability. 42 U.S.C. §12112. To allege disability discrimination under the ADA, the plaintiff must allege that (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) she suffered from an adverse employment action because of her disability. <u>Hoppe v. Lewis Univ.</u>, 692 F.3d 833, 839 (7th Cir. 2012) (citing <u>Nese v. Julian Nordic Const. Co.</u>, 405 F.3d 638, 641 (7th Cir. 2005)).

The plaintiff alleges that "she suffered a traumatic brain injury in 2012 resulting in a learning disability," and that on October 2, 2021, she "verbally disclosed" the disability "to her supervisor, Jessica Sanfransky, United Way Racine County Chief Operating Officer." Dkt. No. 1 at 2. She alleges that several weeks after disclosing her disability to Safransky, Safransky "issued [the plaintiff] a performance write up [on] October 25, 2021." Id. She alleges that after she "reminded the defendant [in writing] of her learning disability

and a need to consult her coach with performance issues[,]" Safransky "failed to give [her] time to receive accommodation services with vocation rehabilitation." Id. Liberally construing these allegations and drawing all inferences in the plaintiff's favor, the plaintiff court concludes that the plaintiff has sufficiently alleged that she has a learning disability, that she was qualified and able to perform her job with certain reasonable accommodations and that she suffered an adverse employment action because of her disability. The complaint sufficiently states a cognizable claim for disability discrimination under 42 U.S.C. §12112.

The plaintiff also alleges hostile workplace and harassment based on her disability. To allege a hostile workplace/harassment claim under the ADA, the plaintiff must allege that (1) she was subject to unwelcome harassment; (2) the harassment was based on her disability; (3) the harassment was sufficiently severe or pervasive, both subjectively and objectively, so as to alter the conditions of her employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability. Brooks v. Avancez, 39 F.4th 424, 441 (7th Cir. 2022).

The plaintiff alleges that Safransky "created a hostile working environment by treating [her] differently than other employees within the organization." Dkt. No. 1 at 2. She alleges that Safransky

> created a psychologically unsafe environment for [the plaintiff] by applying pressure to perform tasks initially assigned to [the plaintiff]'s direct reports, by issuing a 2nd write up [on] November 11, 2021 that consisted of false accusations, performance issues without proper training, performance expectations not listed in the

7

> initial job description, and threat of termination if the performance
> did not improve.

Id. at 2-3. Construing these allegations liberally and in the light most favorable to the plaintiff, these allegations state a cognizable hostile workplace/harassment claim under 42 U.S.C. §12112.

Finally, the plaintiff implies that she was constructively discharged. To state a claim for constructive discharge under the ADA, the plaintiff must allege that (1) a hostile workplace environment existed and (2) "the abusive working environment became so intolerable that her resignation qualified as a fitting response." Rooney v. Koch Air, LLC, 410 F.3d 376, 382-83 (7th Cir. 2005). The plaintiff alleges that "[d]uring the last face to face meeting [with the defendant], the defendant encouraged [the plaintiff] to resign." Dkt. No. 1 at 3. She alleges that because she "felt she did not have the emotional capacity to continue to deal with the unfair treatment working conditions, unfair treatment and lack of care toward her disability," she "resigned on November 15, 2021." Id. Taking these allegations together with the allegations of a hostile workplace environment, the court concludes that the plaintiff has stated a cognizable claim for constructive discharge under 42 U.S.C. §12112.

Liberally construed, the complaint plausibly alleges claims for disability discrimination, hostile workplace/harassment and constructive discharge, each of which is cognizable under 42 U.S.C. §12112. But the court will dismiss Safransky as a defendant because ADA claims cannot be asserted against individual employees. See Silk v. City of Chicago, 194 F.3d 788, 797 (7th Cir. 1999) ("[T]he ADA provides only for employer, not individual, liability. Our case

8

Case 2:23-cv-01741-PP    Filed 07/07/24    Page 8 of 10    Document 5

law is clear that a supervisor cannot be held liable in his individual capacity under the ADA."). The court will permit the plaintiff to proceed with her three ADA claims against United Way of Racine County.

## III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Jessica Safransky.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant United Way of Racine County under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant United Way of Racine County to answer or otherwise respond to the complaint.

The plaintiff need not do anything further until the defendant has answered or otherwise responded to the complaint. Once the defendant has responded, the plaintiff must submit the original document for each filing she makes to the court to the following address:

9

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if she fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on her failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is her responsibility to promptly notify the court if she moves to a different address. The plaintiff's failure to keep the court advised of her address may result in the court dismissing the case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Pro Se Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting her case.

Dated in Milwaukee, Wisconsin this 7th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**